```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
                                    )
KIMBERLY AVALLON,                   )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 20-515 WES
                                    )
City of Newport et al.,             )
                                    )
          Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

William E. Smith, District Judge.

Before the Court is Defendants' Motion to Dismiss Counts I and IV of Plaintiff's Amended Complaint, ECF No. 15. For the reasons that follow, the Motion to Dismiss is DENIED.

I.  BACKGROUND

On July 13, 2016, Plaintiff arrived at her mental health counselor's office with self-inflicted wounds on her arms. Am. Compl. ¶ 6, ECF No. 1-1; Mem. in Supp. of Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") 1, ECF No. 16-1. Two of the Defendants here, Officers Adkins and McGregor, responded to a call from the facility concerning Plaintiff. Am. Compl. ¶ 6. While attempting to restrain Plaintiff, the officers pressed her against a wall with her knees resting on a desk organizer, which toppled

over. Am. Compl. ¶¶ 8-10. Plaintiff's arm broke in the fall. Id. ¶ 10.

Ms. Avallon alleges that Defendants Adkins and McGregor violated her constitutional rights under the Fourth Amendment (excessive force), that they committed certain common law torts against her as they attempted to restrain her, and that the city is vicariously liable for those torts. Am. Compl. ¶¶ 11-20. She brings a four-count Complaint asserting claims for: negligence (Count I), excessive force constituting an unreasonable seizure, 42 U.S.C. §1983 (Count II), assault and battery (Count III), and Respondeat Superior against the city for the officers' negligence (Count IV).

Defendants have moved to dismiss only Counts I and IV on the grounds that claims of excessive force and negligence are legally inconsistent because they would require a defendant to act both negligently and intentionally at the same time. Defs. Mem. of Law in Support of Mot. to Dismiss 3-4, ECF No. 15-1. See Mucci v. Town of North Providence, 815 F. Supp. 2d 541 (D.R.I. 2011). In response, Plaintiff has asked this Court to convert the Motion to Dismiss to one for summary judgment, and to deny it. Pl.' Opp'n 2.

II. LEGAL STANDARD

When evaluating a motion to dismiss for failure to state a claim, "the Court must construe the complaint in the light most favorable to the plaintiff; taking all well-pleaded allegations as

2

true and giving the plaintiff the benefit of all reasonable inferences." See Tomas v. Buckley, C.A. No. 20-00235-WES, 2020 WL 5064218, at *2 (D.R.I. Aug. 27, 2020) (internal citations omitted), R. & R. adopted, 2020 WL 6462930, at *1 (D.R.I. Nov. 3, 2020). In order for Plaintiff "[t]o survive a motion to dismiss, [the] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007)). When a claim is pled with facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," it is deemed plausible on its face. Id.

III. DISCUSSION

    A. Conversion

The Plaintiff seeks to have the Defendants' Motion to Dismiss converted to a motion for summary judgment so that the Court may consider additional materials provided in discovery. Pl.'s Opp'n 2. This Court has "discretion whether to consider matters outside the pleadings, but if it does so, it must follow Fed. R. Civ. P. 12(d) and convert the motion to dismiss to a motion for summary judgment." Yagoozan, Inc. v. Kids Fly Safe, No. CA 14-040 ML, 2014 WL 3109797, at *3 (D.R.I. July 8, 2014) (citing Royal Bank of Scotland v. M/T STAVRODROMI, No. 11-372ML, 2013 WL 1343538, at *3 (D.R.I. Feb. 12, 2013)). However, "conversion is disfavored

unless the case has reached the stage where there has been sufficient factual development so that the parties have a true 'reasonable opportunity' to present pertinent summary judgment materials." Id. at *4 (citing Rubert-Torres v. Hosp. San Pablo, Inc., 205 F.3d 472, 475-76 (1st Cir. 2000)).

While there are reasons that would favor conversion (Plaintiff invites it, and the defense has not opposed it or responded at all), those reasons are outweighed by other factors. First, the parties are currently engaged in discovery and Defendants likely have not had a fair opportunity for full factual development of their defenses. Additionally, Plaintiff explicitly states she believes neither party is entitled to summary judgment because there is still a dispute of material fact. See Pl.'s Opp'n 7-8. Converting Defendants' motion to one for summary judgment only to deny it, where they have not argued the merits, would unfairly prejudice Defendants. And while it is true that this would allow the Court to potentially reach the viability of Plaintiff's negligence claim, the issue should be fully briefed. Therefore, because conversion is generally disfavored, discovery is not complete, Defendants would arguably be prejudiced by conversion, and conversion would require the Court to reach issues which are only partially briefed, the Court declines to exercise its discretion in converting the Motion to Dismiss to summary judgment.

4

B.  Count I: Negligence

The key question is whether both Plaintiff's claims for negligence and excessive force, premised on the same acts, may survive a motion to dismiss even if she may not press both at summary judgment.  The Court concludes they do.  See Rodriguez v. City of Portland, Civil No. 09-850-KI, 2009 WL 3518004, at *2 (D.Or. Oct. 21, 2009) (holding that a party may plead in the alternative negligence and constitutional claims under § 1983, but a party may not advance both negligence and constitutional claims at the summary judgment stage).

This holding is consistent with Rule 8(d)(2), which states that "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Furthermore, Rule 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, regardless of consistency."  This is also more consistent with the purpose of notice pleadings, which is to "giv[e] the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved; the discovery process bears the burden of filling in the details." See Rodriguez, 2009 WL 3518004, at *2 (quoting 5 Charles Alan

5

Wright & Arthur R. Miller, Federal Practice and Procedure § 1215 (2d ed. 1987)).

Arguing the opposite, the Defendants rely on Mucci, where this Court held that "a plaintiff may not advance claims of excessive force and negligence predicated on identical facts." 815 F. Supp. 2d at 548 (citing Hall v. Lanier, 708 F. Supp. 2d 28, 31-32 (D.D.C. 2010)). Critically, however, Mucci was decided at the summary judgment stage, where it is expected that a plaintiff's claims will have been distilled and clarified by the process of discovery. Id. at 548-49. Thus, while it remains true that to "maintain claims of both negligence and excessive force [at summary judgment], a plaintiff must allege at least one fact that is distinct in one claim from the other," id. at 548, the same is not true at the 12(b)(6) stage, where a plaintiff may contend that a defendant's actions were either intentional or negligent.

While Defendant's Motion must be denied for these reasons, the Court notes that Plaintiff's victory may be short-lived. For as currently pleaded, Ms. Avallon relies on identical alleged facts to support both her negligence and excessive force claims. Am. Compl. ¶¶ 11-15. As such, absent alleged facts separating Plaintiff's negligence claim from her excessive force claim developed through discovery or differentiated in an amended complaint, Mucci will be a formidable obstacle to her at summary judgment.

6

C.   Count IV: Respondeat Superior

Any claim against the city rests solely on the negligence claim on a respondeat superior theory. See Langan v. Picerne Inv. Corp., C.A. NO. 82-580, 1983 WL 481438, at *1 (R.I. Super. Ct. Jan. 12, 1983) ("[T]he negligence of any Town officer is chargeable to the Town . . . under the doctrine of respondeat superior."). Because Plaintiff's negligence claim against the officers has survived at this juncture, her claim of vicarious liability against the city does too.

IV.   CONCLUSION

For the reasons contained herein, Defendants' Motion to Dismiss, ECF No. 15, is DENIED.

/s/ WESmith
───────────────
William E. Smith
District Judge
Date:  August 1, 2022